**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**STATE OF MARYLAND; Criminal Injuries Compensation Board of
Maryland, Defendants–Appellees.**

No. 89–1848.

United States Court of Appeals,
Fourth Circuit.

Argued July 18, 1990.

Decided Sept. 19, 1990.

Deborah Ruth Kant, Civ. Div., U.S. Dept. of Justice, Washington, D.C., argued (Stuart M. Gerson, Asst. Atty. Gen., William Kanter, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellant.

Carole Jean Messerschmidt, Asst. Atty. Gen., Baltimore, Md., argued (J. Joseph Curran, Jr., Atty. Gen., Dennis M. Sweeney, Deputy Atty. Gen., George A. Eichhorn, III, Asst. Atty. Gen., Baltimore, Md., on brief), for defendants-appellees.

Before CHAPMAN and WILKINSON, Circuit Judges, and J.F. ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

WILKINSON, Circuit Judge:

In this case Maryland's Criminal Injuries Compensation Act was applied to deny reimbursement to the Department of Veterans Affairs for free medical services rendered two veterans. We must determine whether this denial operated to discriminate against the federal government in violation of 38 U.S.C. § 629. The Maryland statute provides that if a crime victim would face "serious financial hardship" if not reimbursed for the cost of medical services received, then the crime victim, and through him the institution that provided him with medical services, qualifies for reimbursement. The district court held that because the "serious financial hardship" requirement applies to victims treated both at private hospitals and at hospitals run by the Department of Veterans Affairs, the statute does not discriminate against the federal government. 722 F.Supp. 1263.

Because the Maryland requirement operates to deny Veterans Administration hospitals recovery where private hospitals would clearly be able to recover, we reverse the judgment of the district court.

I.

In 1985 and 1986, two veterans, Freddie F. Wanamaker and William T. Smith, suffered injuries as a result of crimes perpetrated against them in Baltimore, Maryland. Wanamaker received treatment from the Veterans Administration (VA) Medical Center in Baltimore, at a cost to the Department of Veterans Affairs (DVA) of $7,680. In addition, he received treatment from at least one private hospital. Smith received treatment from the VA Medical Centers in Baltimore and in Martinsburg, West Virginia, at a cost to the DVA of $7,327. He too received treatment from at least one private hospital.

The veterans submitted claims for reimbursement for their medical costs to the Maryland Criminal Injuries Compensation Board. The Board determined that both veterans were innocent victims of crime who met the statutory criteria in the state's Criminal Injuries Compensation Act, including the requirement that a crime victim suffer a "serious financial hardship" if not reimbursed for the cost of care received. The Board ruled that Wanamaker was entitled to recover $1750 for loss of earnings, but that he was not entitled to recover for his medical costs at the private hospital because those costs were reimbursed through collateral benefits. The Board awarded Smith $262.91 in reimbursement for private hospital expenses.

The Board, however, denied reimbursement to the federal government for medical costs incurred at the VA hospitals. The Board reasoned that because the veterans received free medical care from the VA hospitals, they would suffer no financial hardship as a result of the VA's treatment. Since the veterans would not suffer financial hardship, the Board concluded that the

federal government was not entitled to recover under the requirements of the Act.

On February 2, 1989, the United States filed suit against the state of Maryland seeking reimbursement for the medical costs incurred in the treatment of Wanamaker and Smith. It contended that if a private hospital rather than the VA hospitals had provided medical care to Wanamaker and Smith, it would have been able to recover under the Maryland Criminal Injuries Compensation Act. Thus, the United States argued, the Board's application of the Act discriminated against the federal government in the recovery of medical costs in violation of 38 U.S.C. § 629. On October 3, 1989, the district court granted summary judgment in favor of the state of Maryland.

The United States appeals.

## II.

We shall first review briefly the relevant federal and state statutes.

Federal law pertaining to veterans benefits places the United States on an equal footing with private hospitals in its attempts to recover from third parties the cost of medical services provided veterans for non-service-related injuries. Such equality is ensured by 38 U.S.C. § 629(a)(1), which provides:

[I]n any case in which a veteran is furnished care or services under this chapter for a non-service-connected disability ... the United States has the right to recover or collect the reasonable cost of such care or services ... from a third party to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States.

The statute defines third parties to include health care providers, employers, automobile insurance carriers, and "a State or political subdivision of a State." 38 U.S.C. § 629(i)(3). Among the "non-service-connected disabilities" explicitly covered by § 629 are those "incurred as the result of a crime of personal violence that occurred in a State ... in which a person injured as the result of such crime is entitled to receive health care and services at such State's ... expense for personal injuries suffered as the result of such crime." 38 U.S.C. § 629(a)(2)(C).

In addition, § 629 provides that no state law or political subdivision of a state shall "operate to prevent recovery or collection by the United States under this section." 38 U.S.C. § 629(f). Plainly Congress intended § 629 to end discrimination against federal hospitals that was taking place "as a result of adverse court decisions and State statutes that are worded in such a fashion as to provide payment to private health care providers but exclude payment to federal health care providers." H.R. Rep. No. 79, 97th Cong., 1st Sess. 29, *reprinted in* 1981 U.S.Code Cong. & Admin. News 1685, 1713. To enforce this prohibition against discrimination against federal hospitals, Congress in § 629 authorized the federal government to seek recovery through intervention, subrogation, or by separate action against the third-party payor. 38 U.S.C. § 629(b).

The Maryland Criminal Injuries Compensation Act, Md.Ann.Code art. 26A, provides for the compensation of victims of violent crimes committed in the state. The Act authorizes the Criminal Injuries Compensation Board to compensate crime victims for loss of earnings and for out-of-pocket loss, which includes "reimbursed and unreimbursable expenses or indebtedness reasonably incurred for medical care, mental health counseling, funeral expenses, or other services necessary as a result of the injury upon which such claim is based." Md.Ann.Code art. 26A, § 7. Hospitals in effect recover from the state for the cost of care they provide crime victims through the state's reimbursement of those victims.

In order to obtain compensation for injuries, a crime victim must meet the eligibility criteria set forth in § 12 of the Act. At issue here is the Act's "serious financial hardship" requirement, which states:

If the Board members find that the claimant will not suffer serious financial hardship, as a result of the loss of earnings or support and the out-of-pocket expenses incurred as a result of the injury, if not granted financial assistance pursuant to this article to meet the loss of earnings, support, or out-of-pocket expenses, the Board members shall deny an award. In determining the serious financial hardship, the Board members shall consider all of the financial resources of the claimant.

Md.Ann.Code art. 26A, § 12(f)(1).

### III.

The state of Maryland argues that the federal government is not entitled to recover for the costs it incurred in treating Wanamaker and Smith because the veterans received treatment from the VA hospitals free of charge and therefore do not face a serious financial hardship as a result of those costs. The state contends that this application of the serious financial hardship requirement to VA hospitals does not discriminate against the federal government because it is equally applicable to private hospitals. The state maintains that to the extent a private hospital provided free medical care to a crime victim, the private hospital would be unable to recover its costs under the Maryland Act. Likewise, to the extent VA hospitals charged veterans for medical services provided, they would be entitled to recover under the Act just as a private hospital would.

We cannot subscribe to the state's position. While it is true that on its face the Criminal Injuries Compensation Act does not discriminate against the federal government, in practice the Board's construction of the Act would prevent recovery by VA hospitals in virtually all cases. VA hospitals seek to recover from veterans for the cost of treatment in only three percent of their cases and provide free treatment in the remaining ninety-seven percent. Since the veterans themselves are not financially indisposed by the free VA medical care, in the overwhelming majority of cases the Maryland Act's serious financial hardship requirement precludes VA hospitals from recovery. Even the three percent of cases in which VA hospitals do seek to recover their costs involve veterans who are able to pay their medical bills and thus will be unlikely to qualify for reimbursement under the financial hardship requirement. The federal government then will virtually never be able to recover under the Maryland law for medical treatment provided crime victims in VA hospitals. Private hospitals, on the other hand, as a rule charge patients for treatment and thus will qualify for recovery under the Act.

Section 629 explicitly directs that federal hospitals are to be treated in the same manner as private hospitals. It states that the federal government may recover from a third party to the extent a private hospital would recover "if the care or services had not been furnished by a department or agency of the United States." 38 U.S.C. § 629(a). Moreover, the statute explicitly provides that its reach extends to state statutes which "*operate* to prevent recovery or collection by the United States under this section." 38 U.S.C. § 629(f) (emphasis added). Congress' use of the word "operate" demonstrates its intent to prevent not only discrimination against the federal government which appears on the face of a state statute, but also discrimination which takes place in practice. The state protests that the serious financial hardship requirement serves its interest in not compensating victims of crime who are not in need and in reimbursing monies only where the victim incurs some actual financial loss. The answer, however, is that Congress enacted the nondiscrimination provision in § 629 notwithstanding the apparent state interest in preserving funds against federal recovery. Because the Maryland Criminal Injuries Compensation Act's serious financial hardship requirement as applied here will operate in the vast majority of cases to prevent the federal government from recovering its costs in treating crime victims where a private hospital would be able to do so, the Act is in conflict with § 629 and therefore is without force. *See United States v. New Jersey Violent Crimes Com-*

*pensation Bd.*, 831 F.2d 458, 461 (3d Cir. 1987).

This is not to say, of course, that the federal government will invariably recover whenever it applies for reimbursement for medical costs under the Maryland Act. The inquiry mandated by § 629 is a hypothetical one. The federal government is only entitled to recover if either the veteran or a private hospital would have been entitled to recover had the private hospital rather than a VA hospital provided treatment. The federal government will not always qualify for reimbursement when this hypothetical inquiry is conducted. For example, under the Maryland Act a private hospital that treated an indigent crime victim would not be eligible to recover because the costs incurred would pose no financial hardship to the already indigent individual. 68 Op. Att'y Gen. 222 (Md. 1983). If a private hospital would be unable to recover, a VA hospital likewise could not recover.

Our holding is consistent with that of the Third Circuit in *United States v. New Jersey Violent Crimes Compensation Bd.*, 831 F.2d 458 (3d Cir.1987). In that case, the New Jersey Violent Crimes Compensation Board refused to reimburse the Veterans Administration for its costs in treating crime victims, stating that because the VA hospital provided treatment without charge, the crime victims incurred no out-of-pocket reimbursable expenses under the New Jersey victims compensation statute. Like the Maryland statute, the New Jersey statute did not discriminate on its face against VA hospitals. Instead, it simply prohibited all hospitals from recovering where the crime victims had not suffered sufficient out-of-pocket expenses. The Third Circuit held that § 629 preempted the New Jersey statute as applied. It ruled that the New Jersey Board had impermissibly denied the United States' claim "solely because the VA provided the medical care without cost to the crime victim." *Id.* at 459. In addition, it rejected as "inconsistent with economic reality and with [§ 629]'s legislative history" any argument that the state statute did not discriminate against the United States because it would be equally applicable to any private hospitals which might elect not to charge their patients. *Id.* at 462.

▮▮▮ Similarly the Maryland Criminal Injuries Compensation Act operates to discriminate against VA hospitals solely because they provide most veterans with free medical care. As applied by the Board in this case, the Maryland financial hardship requirement is inconsistent with § 629 and is to that extent preempted.* Section 629 mandates that the Board must reimburse the United States if it would have reimbursed the veteran or a private hospital had a private hospital provided the care. Under the facts of this case, the Board did reimburse veteran Smith for the expenses he incurred at a private hospital for treatment of injuries he suffered as a crime victim. Accordingly, the Board must likewise reimburse the United States. The Board did not reimburse veteran Wanamaker for the expenses he incurred at a private hospital because those expenses were recovered through collateral benefits. It is therefore necessary for the district

---

* The state also forwards two additional arguments. First, it contends that § 629 is unconstitutional under the Tenth Amendment. This argument is without merit. Section 629 plainly is a constitutional exercise by Congress of its power "[t]o raise and support Armies." U.S. Const. art. I, § 8, cl. 12. *See United States v. Oregon*, 366 U.S. 643, 648–49, 81 S.Ct. 1278, 1280–81, 6 L.Ed.2d 575 (1961); *New Jersey Violent Crimes Compensation Bd.*, 831 F.2d at 464–66.

Second, the state suggests that the district court lacked jurisdiction over this case because the United States only possesses the rights of a subrogee under § 629 and therefore must pursue its claims in state court. We disagree. Section 629(a) and (b) provide the United States with an independent right of recovery in federal court upon denial of a timely federal claim for reimbursement by a state administrative agency. That the United States has the option of electing subrogation or intervention does not preclude it from pursuing claims in its own behalf. "In allowing recovery ... the law presently creates an independent right in the Government which it may enforce by subrogation, intervention, or a separate action." House Report to Accompany Recommendations from Committee on Veterans' Affairs, 99th Cong., 2d Sess. 788, *reprinted in* 1986 U.S.Code Cong. & Admin.News 42, 1248, 1263.

court to determine whether the expenses the VA hospital incurred are similarly recoverable through collateral benefits. If so, the United States is not entitled to recover from the Board; if not, the United States is entitled to recover since Wanamaker otherwise met the statutory criteria for recovery under the Maryland Act.

### IV.

The judgment of the district court is reversed. This case is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.