**UNITED STATES of America, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF ALABAMA, Defendant.**

Civ. A. No. CV 91–L–0443–S.

United States District Court,
N.D. Alabama, S.D.

May 13, 1992.

Jack W. Selden, U.S. Atty., Jenny L. Smith, Asst. U.S. Atty., Birmingham, Ala., Stuart M. Gerson, I.N.S., Litigation Office, Civil Div., Washington, D.C., for plaintiff.

Fournier J. Gale, III, Jayna Jacobson Partain, Maynard Cooper Frierson & Gale, Birmingham, Ala., for defendant.

### OPINION

LYNNE, Senior District Judge.

This action was submitted upon cross-motions for summary judgment upon the pleadings and undisputed facts. Pursuant to 38 U.S.C. § 1729, plaintiff sues to recover of defendant the reasonable costs of care or services furnished to the veterans named in the amended complaint[1] to the extent the veterans (or the provider of care or services) would be eligible to receive payment if the care of or services had not been furnished by a facility operated by the Department of Veterans Affairs, an agency of the United States.[2]

During the years 1987–1990 the eight veterans were furnished care and services at VA Hospitals in Birmingham, Montgomery, or Tuscaloosa, Alabama. Each was Medicare eligible and was an insured in a Blue Cross and Blue Shield of Alabama ("Blue Cross") C Plus Medicare Supplemental Contract, commonly known as a "Medigap" policy. The VA submitted a claim to Blue Cross for the cost of care and services received by each veteran but Blue Cross refused to pay any portion of the claims submitted.

Blue Cross responds that it is not obligated by the terms of its Medigap policy to pay any portion of the claims submitted by plaintiff because the care and services were rendered by a "non-participating hospital."[3] Its argument, bluntly stated,

---

1. The name of James Wildes was deleted from the list of nine veterans appearing in the Amended Complaint. All references to veterans herein describe veterans of the armed services whose physical or mental illnesses or disabilities were not service connected.

2. The United States has complied with the notice requirement of 38 U.S.C. § 1729(b)(2)(B).

3. The introduction to the Blue Cross Medigap policy states:

As a person enrolled under Medicare you probably know that Medicare has provisions that require you to pay a deductible amount and some amounts of coinsurance.

The Medicare deductible is that amount of health care charges the law requires you to pay before you begin to receive Medicare benefits.

Coinsurance is that portion of your expenses for certain medical services that the law requires you to pay even after benefits begin. Your Blue Cross and Blue Shield Hos-

amounts to this: If the care and services had been provided by a private general hospital which participates in Medicare,[4] we would have paid the Medicare deductible and some amounts of coinsurance. But since the VA hospital concerned does not participate in Medicare, we owe nothing.

It is true that VA hospitals do not participate in the Medicare program. It is also true that VA hospitals may not recover expenses for care and services from the Medicare program under Section 1729. Section 1729(i)(1)(B)(i)[5] expressly excludes Medicare from the definition of "health-plan contract" that is set forth in Section 1729(i)(1)(A) evidently because Congress decided not to "rob Peter to pay Paul." However, despite disingenuous contentions to the contrary, it is obvious that the Blue Cross Medigap policy is a health plan contract. If the veterans had been rendered care and services in a participating hospital they would have been eligible to have received from the third party, Blue Cross, payment for the deductibles and coinsurance. Hence, under the provisions of 38 U.S.C. § 1729(a)(1),[6] the United States is entitled to recover therefor. This result flows ineluctably from the anti-discrimination provisions of 38 U.S.C. § 1729(f).[7]

The court disclaims any intention to rewrite the definition of a participating hospital in the Blue Cross Medigap policy. It simply holds that the cited statutory provisions compel the conclusion that care and services furnished to a non-service-connected veteran by a VA hospital must, as a matter of law, be deemed to have been furnished by a participating hospital in an action to recover benefits thereunder.

While plaintiff seeks both declaratory and monetary relief, the court has been presented with no facts which enable it to determine what portions of the claims filed with respect to the eight veterans are due to be paid.[8] Accordingly, the court will enter a declaratory judgment which it believes consistent with the rationales of *United States v. State of Ohio*, 957 F.2d 231 (6th Cir.1992); *United States v. State of Maryland*, 914 F.2d 551 (4th Cir.1990); and *United States v. State of N.J.*, *Violent Crimes Comp. Bd.*, 831 F.2d 458 (3rd Cir. 1987).

## DECLARATORY JUDGMENT

In conformity with the opinion of the Court filed contemporaneously herewith and attached hereto,

It is ORDERED, ADJUDGED and DECREED by the Court as follows:

---

pital and Medicare coverage pays for the Medicare deductible and the coinsurance that you would otherwise have to pay yourself.

**4.** It is noteworthy that every private general hospital in the State of Alabama participates in Medicare.

**5.** (i) For purposes of this section—
(1)(A) The term "health-plan contract" means an insurance policy or contract, medical or hospital service agreement, membership or subscription contract, or similar arrangement, under which health services for individuals are provided or the expenses of such services are paid.
(B) Such term does not include—
(i) an insurance program described in section 1811 of the Social Security Act (42 U.S.C. 1395c) or established by section 1831 of such Act (42 U.S.C. 1395j).

**6.** § 1729. Recovery by the United States of the cost of certain care and services
(a)(1) Subject to the provisions of this section, in any case in which a veteran is furnished care or services under this chapter for a non-

service-connected disability described in paragraph (2) of this subsection, the United States has the right to recover or collect the reasonable cost of such care or services (as determined by the Secretary) from a third party to the extent that the veteran (or the provider of the care or services) would be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States.

**7.** (f) No law of any State or of any political subdivision of a State, and no provision of any contract or other agreement, shall operate to prevent recovery or collection by the United States under this section or with respect to care or services furnished under section 1711(b) of this title.

**8.** The adoption of a rigid formula that Blue Cross is required to pay only deductibles and co-payments in past, present and future cases to which this opinion applies would be misleading. In some cases C Plus contracts may contemplate payment of other benefits. The formula would either be too narrow or too broad.

38 U.S.C. § 1729 applies to Medicare supplemental ("Medigap") contracts.

Thus, under 38 U.S.C. § 1729, Blue Cross and Blue Shield of Alabama (BCBS") is required to reimburse the Department of Veterans Affairs ("VA") for a portion of the cost of medical care and services received by veterans with non-service-connected disabilities at VA medical facilities who hold Medigap contracts with BCBS.

The only portion owed by BCBS is that which the veteran (or the provider of the care or services) would have been entitled to receive from BCBS if the medical care had been rendered in a non-government facility.

It is further ORDERED that each party is to bear its own costs.