**UNITED STATES of America**

v.

**BLUE CROSS AND BLUE SHIELD OF MARYLAND, INC.**

**Civ. No. Y–90–2653.**

United States District Court, D. Maryland.

May 14, 1992.

Stuart A. Gerson, Asst. Atty. Gen., Washington, D.C., Richard D. Bennett, U.S. Atty. for D.Md., Baltimore, Md., Roger D. Einerson and Colette J. Winston, Washington, D.C., for plaintiff.

Philip V. Tamburello and Lawrence A. Richardson, Jr., Owings Mills, Md., for defendant.

1. "Medicare eligible" means 65 years of age and older, or those who are under age 65 and eligible because of a disability.

A "Medicare Supplemental Policy" is defined as a health insurance policy or other health benefit plan offered by a private entity to individuals who are entitled to medicare, which provides reimbursement for expenses incurred for services that are Medicare approved, but are not reimbursable because of deductibles, coinsurance amounts, or other limitations. 42 U.S.C. § 1395ss.

2. The United States is entitled to recover for non-service connected disabilities incurred by a veteran who is covered by a "health plan contract." 38 U.S.C. § 1729(a)(2)(D)(ii). Medicare and Medicaid are specifically excluded from the definition of a health plan contract. 38 U.S.C. § 1729(i)(1)(B)(i).

The enacting statutes for Medicare and Medicaid contain a similar limitation—"no pay-

**MEMORANDUM**

JOSEPH H. YOUNG, Senior District Judge.

Plaintiff brings this action pursuant to 38 U.S.C. § 1729 (the "non-discrimination" act) to recover the cost of care and services furnished to eleven veterans at a Veterans Administration Medical Center, Martinsburg, West Virginia. The eleven veterans are "Medicare eligible" and covered by Medicare Supplemental Insurance Policies provided by Defendant Blue Cross and Blue Shield of Maryland.[1]

Section 1729 provides that the United States is entitled to recover benefits from a "third party payor" for services rendered to a veteran at a VA hospital to the extent that such benefits would be recoverable if the service provider were not an agency of the United States. 38 U.S.C. § 1729(a)(1). However, benefits for services rendered at a VA hospital may not be recovered from Medicare or Medicaid.[2] Plaintiff suggests that Congress excluded Medicare and Medicaid from the definition of a health plan contract because there was no useful purpose in moving federal funds from one program to another. In the absence of clear congressional intent to the contrary, Plaintiff's suggested reason for the exclusion of Medicare and Medicaid is plausible.[3]

Medicare Supplemental Insurance Contracts provide benefits to subscribers, eligible to receive Medicare, for certain expenses not paid by Medicare. Some of the

ment may be made under this part to any Federal provider of services." 42 U.S.C. § 1395f (The exceptions listed in § 1395f are not relevant to this case.)

3. Defendants have reviewed the construction and legislative history of Medicare, Medicaid and the nondiscrimination act. Essentially, Defendants conclude that (1) Blue Cross is not liable for *Medicare supplemental payments* pursuant to its Contracts with subscriber-veterans because Federal Medicare law and regulation does not authorize *Medicare payments* for services rendered at VA hospitals; and (2) Blue Cross is not liable for the charges as determined by Plaintiff because those charges are not necessarily "Medicare Approved Charges" upon which liability under the Supplemental Contracts is based.

expenses, such as deductibles and co-payments, are set amounts established by contract and statute. Other expenses are calculated as a percentage of "Medicare Approved Charges."

### First Defense

Defendants contend that because VA Hospitals are not eligible to receive benefits from Medicare, plaintiff is not entitled to recover under the Medicare Supplemental Contracts. This contention is without merit. A Medicare Supplemental Contract is statutorily defined as a "health insurance policy" or "other health benefit plan." 42 U.S.C. § 1395ss Such contracts are entered into between private parties, but are subject to regulation by the Department of Health and Human Services. Section 1729 applies to a "health plan contract" which is broadly defined as an "insurance policy or contract," "membership or subscription contract, or similar arrangement." 38 U.S.C. § 1729 Congress clearly intended Section 1729 to apply to Medicare Supplemental Contracts.[4] *United States v. State of N.J; Violent Crimes Comp. Bd.*, 831 F.2d 458, 461–62 (3d Cir.1987) (holding that Section 1729 requires that "a recovery claim by the United States be analyzed as if the veteran had received care in a hospital other than a VA hospital-in other words, as if the veteran has been treated by a provider that charged patients for care."). See also, *United States v. State of Maryland*, 914 F.2d 551, 552 (4th Cir.1990).

### Second Defense

In the alternative, Defendants argue that the Government must submit its claims to Medicare for a determination of "Medicare Approved Charges." Defendants' contractual liability under the Supplemental Contracts depends upon such a determination. The value of the services rendered to each of the eleven veterans was calculated by the Secretary of Veteran's Affairs in accordance with the appropriate rates established by the Office of Management and Budget.[5] 38 U.S.C. § 1729 and 42 U.S.C. § 2651. Defendants deny that such charges would be reasonable as determined by Medicare—42 U.S.C. § 1395ff, 42 U.S.C. § 1395x(v) and 42 U.S.C. § 1395u—or even "medically necessary" as determined by Medicare. 42 U.S.C. § 1395h and 42 CFR Part 421.

Charges determined by the Secretary of Veteran's Affairs are required by statute to be equal to or less than the amount that a third party payor would be obligated to pay if the services were not rendered by a facility of the United States. 38 U.S.C. § 1729.[6] Since Medicare Approved Charges are statutorily defined, disputes regarding charges as determined by the Secretary of Veteran's Affairs should be relatively few. There is no indication in the record that Defendant has ever raised the issue of an over charge with the Secretary of Veteran's Affairs. Thus, summary judgement is appropriate and Defendant is

---

**4.** Section 1095, 10 U.S.C. is analogous to the nondiscrimination provision at issue in this case. That section prohibits discrimination by a third party payor for services rendered in military facilities. Section 1095 was enacted five years after Section 1729. Congress specifically included a Medicare Supplemental Insurance Contract in the definition of an "insurance, medical service, or health plan" contract. 10 U.S.C. § 1095(h).

**5.** Section 1729(a)(1) provides that the reasonable cost of services rendered by a VA hospital will be determined by the Secretary of Veteran's Affairs. This provision directly contradicts the remainder of the paragraph which provides that the United States is entitled to recover from a third party, only "to the extent that the veteran (or the provider of the care or services) would

be eligible to receive payment for such care or services from such third party if the care or services had not been furnished by a department or agency of the United States." The provision also alters the obligations of the parties to a Medicare Supplemental Contract under which the insurer's liability depends upon "Medicare Approved Charges."

**6.** Section 1729 provides "the reasonable cost of care or services sought to be recovered or collected from a third-party liable under a health-plan contract may not exceed the amount that such third party demonstrates to the satisfaction of the Secretary it would pay for the care or services if provided by facilities (other than facilities of departments or agencies of the United States) in the same geographic area." 38 U.S.C. § 1729(c)(2)(B).

directed to resolve the issue with the Department of Veteran's Affairs.